```
                                        Minimum Mandatory  NO
                                        Rule 35/5K1.1  YES
                                        Appeal Waiver  NO
                                        Asset Forfeiture  NO
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR 413-220 |
| | ) | |
| v. | ) | |
| | ) | |
| DANIEL JOHN WISE | ) | |

## PLEA AGREEMENT

Edward J. Tarver, United States Attorney, by and through the undersigned Assistant United States Attorneys, and Robert N. Nye, III, Esq. attorney for the defendant, pursuant to the provisions of Fed. R. Crim. P. 11, as amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view toward reaching a pretrial conclusion of the charges pending in the Information styled above, and a plea agreement has been reached by said parties in the following respects:

1. **GOVERNMENT'S OBLIGATIONS UNDER THIS AGREEMENT**

Upon the defendant's entry of a plea of guilty to Count One of the Information, his full compliance with all promises made as a part of this agreement, and his adherence to all representations and understandings recited herein, the attorney for the government will do the following:

a. Move to dismiss Indictment 413-028 as to this defendant;

b. Not object to a recommendation from the probation officer that the defendant receive a three-level reduction for acceptance of responsibility under the provisions of Chapter Three, Part E of the Sentencing Guidelines; and

  c. Advise the Court of the extent and value of any information, cooperation, or assistance in the investigation and prosecution of others provided by the defendant.

  (1) In the event that prior to sentencing the defendant renders substantial assistance to the government in the investigation and prosecution of others, and by testifying truthfully and completely if called upon to do so, the government will file, pursuant to § 5K1.1, a motion for the Court to depart downward from the applicable sentencing guideline range. Upon motion of the Government, the Court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense. It is a condition precedent to the government's filing of a § 5K1.1 motion that the defendant be completely truthful with the United States Attorney's Office and the United States Probation Office. The determination of whether the defendant has provided "substantial assistance," or has been truthful with the United States Attorney's Office and the United States Probation Office, is a matter committed to the **sole discretion** of the United States Attorney. If the defendant renders substantial assistance after sentencing, then the government agrees to file a Rule 35(b) sentence reduction motion. If the government files a motion for downward departure or sentence reduction pursuant to this agreement, the government reserves the right to either take no position as to the appropriate amount of departure or, in its discretion, to make any recommendation it deems appropriate respecting the amount of departure.

  (2) The defendant fully understands and agrees that whether or not the sentencing Court decides to depart downward or reduce his sentence, as well as the extent of any such downward departure or reduction, is **<u>completely within the sentencing court's discretion</u>**.

(3) Provided that the defendant satisfies the terms of this plea agreement, any information that he truthfully discloses to the government during the course of his cooperation will not be used against her, directly or indirectly, with the exceptions of prosecution for capital felonies, perjury, false statement, and obstruction of justice. The provisions of § 1B1.8 of the Sentencing Guidelines are expressly incorporated herein.

## 2. DEFENDANT'S REPRESENTATIONS TO THE COURT AND FURTHER OBLIGATIONS UNDER THIS AGREEMENT

### a. WAIVER OF INDICTMENT.

The defendant understands that he has a right to have this matter submitted to a grand jury for a probable cause determination and knowingly and voluntarily relinquishes this right.

### b. FACTUAL BASIS

The defendant understands that Count One of the Information charges that the defendant did commit an offense against the United States, that is to say, that, from on or about January 1, 2011, up to and including on or about May 30, 2011, in Chatham County, in the Southern District of Georgia, and elsewhere, the defendant **DANIEL JOHN WISE**, aided and abetted by other persons, did knowingly and willfully combine, conspire, confederate and agree with other persons, both known and unknown:

a) to knowingly and intentionally distribute and dispense, and cause to be distributed and dispensed, quantities of controlled substances, including oxycodone, a Schedule II Controlled Substance, hydrocodone, a Schedule III controlled substance, and alprazolam, a Schedule IV controlled substance, not for a legitimate medical purpose and not in the usual course of professional practice, contrary to Title 21, United States Code, Section 841(a)(1); and

3

b) to knowingly and willfully engage in financial transactions concerning East Health Center, Garden City, Georgia, which transactions involved the proceeds of specified unlawful activity, that is, the unlawful dispensation of controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), with the intent to promote the carrying on of the specified unlawful activity, contrary to Title 18, United States Code, Section 1956(a)(1);

All done in violation of Title 18, United States Code, Sections 2 and 371, and that the defendant's guilty plea constitutes proof as to that Count.

c. The defendant understands and agrees that nothing in this agreement shall abrogate the duty and right of the government to bring all sentencing facts to the attention of the sentencing court, and the defendant further agrees that the government shall not be bound to make any recommendation under this agreement if to do so would directly contradict facts relevant to the offense conduct or the defendant's prior conduct or criminal history, which first come to the attention of the government, or are confirmed as true, only after the signing of this agreement.

d. The defendant understands that the Court is not a party to this agreement, that the government can only make recommendations which are not binding on the Court, and that after the entry of the defendant's guilty pleas, the defendant has no absolute right to withdraw the pleas. Thus, the Court is free to impose any sentence authorized by law up to the statutory maximum sentence.

e. The defendant further advises the Court that the defendant understands that the U. S. Probation Office will prepare a presentence investigation report for the Court, and that the U. S. Probation Office will consider all of defendant's conduct related to the offense to which he is pleading, which may include conduct related to Counts of the Indictment(s) which were or are to

4

be dismissed or for which the defendant was acquitted, as well as the defendant's criminal history, and that these facts will be considered by the Court in determining the defendant's sentence. The defendant also understands that in accordance with <u>United States v. Booker</u>, the district court, while not bound to apply the federal sentencing guidelines, must consult those guidelines and take them into account to formulate a reasonable sentence. **The defendant understands that the offense level and criminal history category determined by the United States Probation Office and the Court may differ from that estimated or projected by defendant's counsel or the United States Attorney.**

f. **FINES & ASSESSMENTS**

(1) The defendant understands that any assessments imposed pursuant to 18 U.S.C. § 3013 by the Court at sentencing must be paid on the date of sentencing.

(2) The defendant understands that if a fine or restitution is imposed by the Court at sentencing, or if the United States is pursuing the forfeiture of any property in which the defendant has an interest, whether by administrative, civil, or judicial proceeding, the defendant shall meet with a member of the Debt Collection Unit of the United States Attorney's Office on the day of sentencing and complete a written personal financial statement setting forth the defendant's assets and liabilities. The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge, and belief and agrees to make an honest, good faith effort to pay said fine as directed by the financial litigation section of the United States Attorney's Office.

### g. FOIA AND PRIVACY ACT WAIVER

The defendant retains all discovery rights to documents pertaining to the investigation and prosecution of this case as may by law apply to any post-conviction litigation as to which the right to proceed has not otherwise been waived or relinquished by the defendant in this agreement or otherwise; HOWEVER, notwithstanding any right on the part of the defendant to post-conviction litigation, the defendant, as a part of this agreement and in consideration of the promises by made the government hereunder, waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

### 3. DEFENDANT'S FURTHER REPRESENTATIONS TO THE COURT

a. The defendant represents to the Court that the defendant has had the services of an attorney the defendant believes to be competent; that the defendant has met with said attorney on a sufficient number of occasions and for a sufficient period of time to discuss the defendant's case and receive advice; that the defendant has been truthful with his attorney and related all information of which the defendant is aware pertaining to the case; that the defendant and defendant's attorney have discussed possible defenses, if any, to the charges in the information, including the existence of any exculpatory or favorable evidence or witnesses, discussed the defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the government's

witnesses, the defendant's right to testify in the defendant's own behalf, or to remain silent and have no adverse inferences drawn from the defendant's silence; and that the defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

b. The defendant further represents to the Court that the plea agreement as set forth herein and the plea to be entered by the defendant is the result of prior discussions between the attorney for the government and the attorney for the defendant, conducted with the defendant's authorization, knowledge and consent; that this plea agreement contains the entire agreement and understanding between the government and the defendant; and that the defendant has no other agreements, understandings, or deals with any person other than those set out in this plea agreement, that is, the defendant advises the Court that the defendant's entire understanding of this Plea Agreement is completely set forth in writing in this document.

c. The defendant represents to the Court that the defendant has been advised of the nature of the charges to which the pleas of guilty are to be offered, of the maximum possible penalties provided by law, as set forth above, and that by entering a plea of guilty the defendant gives up all of the rights set out above, gives up any defenses to the charges, and understands that there will not be a further trial of any kind. The defendant further understands that in entering pleas of guilty, the Court will ask questions about the offenses to which the pleas are entered. The defendant understands that the defendant will be under oath and on the record in answering those questions,

and that the defendant's answers may later be used against the Defendant in a criminal prosecution for perjury or false statement if those answers are not truthful.

This **8th** day of **January** 2014.

EDWARD J. TARVER
UNITED STATES ATTORNEY

*/s/ Karl I. Knoche*
Karl I. Knoche
Assistant United States Attorney

*/s/ E. Greg Gilluly, Jr.*
E. Greg Gilluly, Jr.
Assistant United States Attorney

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the terms and conditions of the Plea Agreement that has been reached by my attorney on my behalf and with my permission.

_____
DANIEL JOHN WISE
Defendant

_____
Robert N. Nye, III, Esq.

1/8/14
Date

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| UNITED STATES OF AMERICA | ) CR 413-220 |
|---|---|
| v. | ) |
| DANIEL JOHN WISE | ) |

### ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the defendant and the defendant's attorney at a hearing on the defendant's motion to change his plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by defendant be, and it is, hereby accepted and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

This __30th__ day of __July__ 2014.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

prepared by Karl Knoche
Assistant U.S. Attorney